

U.S. Department of Justice

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, D.C. 20044-4403*

June 9, 2023

<u>**VIA CM/ECF**</u>

Michael E. Gans
Clerk of the Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 S. 10th Street, Room 24.329
St. Louis, MO 63102

      Re: *Arkansas State Conference NAACP* v. *Arkansas Board of Apportionment*, No. 22-1395—Amicus United States' Notice of Supplemental Authority Under Federal Rule of Appellate Procedure 28(j).

Dear Mr. Gans:

      This letter addresses the effect of yesterday's Supreme Court decisions in *Allen* v. *Milligan*, No. 21-1086, and *Health & Hospital Corp. of Marion County* v. *Talevski*, No. 21-806, on this case. See Exs. A & B to Appellants' Rule 28(j) Letter.

      For the reasons set forth in Appellants' Rule 28(j) letter, *Milligan* supports the conclusion that Section 2 of the Voting Rights Act, 52 U.S.C. 10301, contains an implied private right of action.

      *Talevski* confirms that Section 2 is also privately enforceable under 42 U.S.C. 1983. That decision reaffirms that federal statutes are enforceable under Section 1983 if they are "'phrased in terms of the persons benefited' and contain[] 'rights-creating,' individual-centric language," absent "incompatibility between enforcement under § 1983 and the enforcement scheme that Congress has enacted." Slip Op. 14, 18 (quoting *Gonzaga Univ.* v. *Doe*, 536 U.S. 273, 284, 287 (2002)). In holding that certain provisions of the Federal Nursing Home Reform Act of 1987 (FNHRA) are privately enforceable, the Court emphasized that they expressly speak in terms of "*rights*," Slip Op. 14 (quoting 42 U.S.C. 1396r(c)), and are "focus[ed]" on the benefited class—nursing-home residents, Slip Op. 15. That the provisions also specify "who it is that must respect and honor th[e] statutory rights" at issue is not a "material diversion" from the provisions' focus on nursing-home residents. Slip Op. 16.

      Like the FNHRA provisions at issue in *Talevski*, Section 2 expressly concerns a "right." 52 U.S.C. 10301(a). The statute also "focus[es]" on individual minority voters, Slip Op. 15, by prohibiting voting practices that "result[]" in a "denial" of their "right to vote" or that "abridge[]"

that right by, for example, diluting the strength of their votes through redistricting, 52 U.S.C. 10301(a). Although Section 2 identifies "State[s]" and "political subdivisions" as the entities prohibited from interfering with voting rights, *ibid.*, that is not a "material diversion" from the statute's focus on individual minority voters, Slip Op. 16. And enforcement of the statute under Section 1983 is not "incompatibl[e]" with public enforcement; it augments the Department of Justice's enforcement efforts with private attorneys general. Slip Op. 18.

                        Sincerely,

                    <u>s/ Jonathan L. Backer</u>
                      Erin H. Flynn
                      Jonathan L. Backer
                      Attorneys
                      Appellate Section
                      Civil Rights Division
                      (202) 532-3528
                      Jonathan.Backer@usdoj.gov

cc: Counsel of Record (via CM/ECF)