

**TIM GRIFFIN**
ATTORNEY GENERAL

Nicholas J. Bronni
Solicitor General

Direct Dial: (501) 682-1051
E-mail: nicholas.bronni@arkansasag.gov

June 13, 2023

Michael Gans
Clerk, United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

      Re:    *Ark. State Conference NAACP v. Ark. Bd. of Apportionment*,
             No. 22-1395

Dear Mr. Gans:

      I write to respond to Plaintiffs' and the United States' supplemental letters on *Allen v. Milligan* and *Health & Hospital Corp. of Marion County v. Talevski*. Plaintiffs acknowledge that *Milligan* "does not address whether §2 contains a private right of action." *Milligan*, slip op at 47 n.22 (Thomas, J., dissenting). They merely argue that the fact it *didn't* means that question isn't jurisdictional. But the Supreme Court's tacit assumption that the cause-of-action question is not jurisdictional cannot overrule, sub silentio, this Court's clear precedent that it is, *see Cross v. Fox*, 23 F.4th 797 (8th Cir. 2022). And even if the question were not jurisdictional, the district court was within its authority to raise it so long as it provided pre-dismissal notice—as it did. *See* Appellees' Br. 54 (citing *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991)). *Milligan* doesn't affect the outcome here.

      Plaintiffs and the United States also argue that *Talevski* supports Plaintiffs' ability to bring their Section 2 claims under Section 1983. To start, Plaintiffs never raised Section 1983 below nor sought leave to amend to do so. So this Court cannot reverse the District Court for failing to entertain Section 1983 claims Plaintiffs never made. *See* Appellees' Br. 52 (collecting cases). Instead, at most,

Appellate Case: 22-1395    Page: 1    Date Filed: 06/13/2023 Entry ID: 5286278

Plaintiffs could file a new lawsuit. Yet even if the Court excused that waiver, *Talevski* doesn't make Plaintiffs' hypothetical Section 1983 claims any more cognizable. To the contrary, it reaffirms the principle that rights like Section 2's that have "an aggregate, not individual, focus" are not enforceable under Section 1983. *Talevski*, slip op. at 16; *id.* at 14, 2 (Barrett, J., concurring). Section 2 rights are aggregate, *see* Appellees' Br. 18-22, and therefore aren't proper subjects of a Section 1983 suit. Moreover, as Justice Barrett joined by Chief Justice Roberts explained, even if Plaintiffs could overcome that, where Congress expressly confers enforcement authority on government officials, that's a clue "that a statue forecloses recourse to §1983." *Talevski*, slip op. at 3 (Barrett, J., concurring). And that's true of Section 2. *See* Appellees' Br. 2-3, 24, 50.

Respectfully submitted,

*/s Nicholas J. Bronni*
Nicholas J. Bronni
Solicitor General