

Nicholas J. Bronni
Solicitor General

Direct Dial: (501) 682-1051
E-mail: nicholas.bronni@arkansasag.gov

November 16, 2023

Michael Gans
Clerk, United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

      Re:   *Ark. State Conference NAACP v. Ark. Bd. of Apportionment*, No. 22-1395

Dear Mr. Gans:

    I write to respond to Plaintiffs' supplemental letter on the Fifth Circuit's recent decision in *Robinson v. Ardoin*. Six years ago, the Fifth Circuit held that Section 2 abrogates state sovereign immunity from private suit. Given that holding, the Fifth Circuit was bound to hold in *Robinson* that Section 2 authorizes private suits in the first place. Accordingly, *Robinson* breaks no new ground.

    In 2017, as Plaintiffs noted in their brief, *see* Appellants' Br. 24 n.10, the Fifth Circuit held that Section 2 abrogates state sovereign immunity from private suit. *OCA-Greater Houston v. Texas*, 867 F.3d 604, 614 (5th Cir. 2017). That court gave no analysis for that conclusion, only citing *Mixon v. Ohio*, where two decades prior the Sixth Circuit reasoned in one sentence that Section 2 abrogated state sovereign immunity from private suit because its prohibition applies to states. 199 F.3d 389, 398 (6th Cir. 1999). It did not explain why that clearly authorizes private suits or suits against states rather than state officials.

    Given the Fifth Circuit's prior erroneous holding that Section 2 not only authorizes private suits but allows private suits against states, it had no choice but to hold that Section 2 authorizes private suits. The Fifth Circuit noted at some

length that "[a]t least two justices have expressed concern, perhaps even doubt, about a private right" of action, *Robinson*, slip op. at 10, and have "flag[ged]" that the Court has never decided whether Section 2 contains one, *id.* Nonetheless, the Fifth Circuit explained that "most of the work on this issue . . . ha[d] been done" by *OCA-Greater Houston*, as the purpose of abrogating sovereign immunity from private suit "surely is to allow the States to be sued by someone." *Id.* at 11. *Robinson*, then, merely followed prior circuit precedent—and is a reminder of how remarkably weak the arguments for implying a private right of action into Section 2 are.

Respectfully submitted,

*/s Nicholas J. Bronni*
Nicholas J. Bronni
Solicitor General