No. 22-1395

<small>IN THE</small>

# United States Court of Appeals

<small>FOR THE EIGHTH CIRCUIT</small>

→►◄◄

Arkansas State Conference NAACP, *et al.*,

*Plaintiffs-Appellants*,

*v.*

Arkansas Board of Apportionment, *et al.*,

*Defendants-Appellees.*

On Appeal from the Eastern District of Arkansas
(No. 4:21-cv-01239-LPR)
District Judge: Honorable Lee P. Rudofsky

## PETITION FOR REHEARING AND/OR FOR REHEARING EN BANC

Sophia Lin Lakin
Jonathan Topaz
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
jtopaz@aclu.org
acepedaderieux@aclu.org

John C. Williams
ARKANSAS CIVIL LIBERTIES
UNION FOUNDATION, INC.
904 West 2nd Street
Little Rock, AR 72201
(501) 374-2842
john@acluarkansas.org

Bryan L. Sells
THE LAW OFFICE OF
BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212
bryan@bryansellslaw.com

*Counsel continued on next page*

Neil Steiner
Biaunca S. Morris
DECHERT LLP
Three Bryant Park
1095 Avenue of The Americas
New York, NY 10036-6797
(212) 698-3500
neil.steiner@dechert.com
biaunca.morris@dechert.com

Luke M. Reilly
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2000
luke.reilly@dechert.com

Angela Liu
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
(312) 646-5800
angela.liu@dechert.com

Victoria Borges King
DECHERT LLP
1900 K St NW
Washington, DC 20006
(202) 261-3300
victoria.king@dechert.com

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION AND FRAP 35(B) STATEMENT ...........................................1

STATEMENT OF THE CASE ...............................................................3

    I.  Statutory Background ...........................................................3

    II. Procedural Background........................................................4

ARGUMENT .........................................................................6

    I.  Rehearing should be granted on the private-right-of-action question. .......................................................6

        A. The panel decision conflicts with decisions of the Supreme Court and this Court........................................... 6

            1. The panel departed from the Supreme Court's holding in *Morse*........................................................8

            2. The panel departed from this Court's holding in *Roberts*. ............................................................11

        B. The panel decision conflicts with every other federal court decision on the issue. ................................13

        C. The issue presented is of exceptional importance.........................14

    II. The panel improperly dismissed this case with prejudice. .....................15

CONCLUSION ......................................................................17

CERTIFICATE OF COMPLIANCE ....................................................19

CERTIFICATE OF SERVICE.........................................................20

Appellate Case: 22-1395    Page: 3    Date Filed: 12/11/2023 Entry ID: 5343463

# TABLE OF AUTHORITIES

**Cases**

*Agostini v. Felton*,
521 U.S. 203 (1997)..............................................................................2, 6

*Alabama State Conference of the NAACP v. Alabama*,
949 F.3d 647 (11th Cir. 2020)..........................................................13

*Alexander v. Sandoval*,
532 U.S. 275 (2001)................................................................................ 5

*Allen v. Milligan*,
599 U.S. 1 (2023)....................................................... 1, 3, 8, 11, 15

*Allen v. State Board of Elections*,
393 U.S. 544 (1969).......................................................................1, 15

*Arkansas State Conference of the NAACP v. Arkansas Board of Apportionment*,
586 F. Supp.3d 893 (E.D. Ark. 2022)...............................................4, 5, 16, 17

*Arkansas State Conference of the NAACP v. Arkansas Board of Apportionment*,
No. 22-1395, 2023 WL 8011300 (8th Cir. Nov. 20, 2023)......................*passim*

*Bakewell v. United States*,
110 F.2d 564 (8th Cir. 1940)........................................................... 7

*Bergstrom v. Frascone*,
744 F.3d 571 (8th Cir. 2014).........................................................15

*Brnovich v. Democratic National Committee*,
141 S.Ct. 2321 (2021).....................................................................14

*Chisom v. Roemer*,
501 U.S. 380 (1991)........................................................................ 3

*Coca v. City of Dodge City*,
No. 22-1274, 2023 WL 2987708 (D. Kan. Apr. 18, 2023) ........................11, 16

Appellate Case: 22-1395     Page: 4     Date Filed: 12/11/2023 Entry ID: 5343463

*Health & Hospital Corp. of Marion County v. Talevski*,
    599 U.S. 166 (2023).......................................................................16

*Hutto v. Davis*,
    454 U.S. 370 (1982).......................................................................10

*In re Pre-Filled Propane Tank Antitrust Litigation*,
    860 F.3d 1059 (8th Cir. 2017)....................................................... 9

*Liu v. SEC*,
    140 S.Ct. 1936 (2020)....................................................................14

*Mixon v. Ohio*,
    193 F.3d 389 (6th Cir. 1999)........................................................13

*Morse v. Republican Party of Virginia*,
    517 U.S. 186 (1996)........................................................ 1, 7, 8, 9, 10

*Roberts v. Wamser*,
    883 F.2d 617 (8th Cir. 1989)........................................... 1, 7, 11, 12

*Robinson v. Ardoin*,
    86 F.4th 574 (5th Cir. 2023)..........................................................13

*Seminole Tribe of Florida v. Florida*,
    517 U.S. 44 (1996)......................................................................... 9

*Shelby County v. Holder*,
    570 U.S. 529 (2013)....................................................................3, 14

*Singleton v. Merrill*,
    582 F. Supp.3d 924 (N.D. Ala. 2022).........................................8, 13

*South Carolina v. Katzenbach*,
    383 U.S. 301 (1966)...................................................................... 3

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*,
    460 U.S. 533 (1983).......................................................................10

*Turtle Mountain Band of Chippewa Indians v. Jaeger*,
    No. 3:22-CV-22, 2022 WL 2528256 (D.N.D July 7, 2022)............16

iii

*United States v. Pate*,
  754 F.3d 550 (8th Cir. 2014)................................................................10

*Wood v. United States*,
  968 F.2d 738 (8th Cir. 1992)...............................................................15

**Statutes**

42 U.S.C. § 1983...............................................................................1, 3, 15

52 U.S.C. § 10301.................................................................................. 1

52 U.S.C. § 10301(a) ............................................................................. 3

**Other Authorities**

Bryan A. Garner, et al., THE LAW OF JUDICIAL PRECEDENT
  Thomson Reuters (2016)....................................................................10

**Legislative Materials**

H.R. Rep. No. 97-227 (1981) .................................................................. 4

S. Rep. No. 97-417 (1982) ...............................................................1, 3, 4

Appellate Case: 22-1395    Page: 6    Date Filed: 12/11/2023 Entry ID: 5343463

## INTRODUCTION AND FRAP 35(B) STATEMENT

Petitioners seek rehearing or rehearing en banc on two issues: (1) the panel's unprecedented decision declaring that there is no private right to enforce Section 2 of the Voting Rights Act of 1965 ("VRA"), in the face of 60 years of precedent to the contrary; and (2) in the alternative, the panel's unjustified decision to remand with instructions to dismiss with prejudice, where the district court dismissed without prejudice, allowing Plaintiffs to seek leave to amend to pursue relief under 42 U.S.C. § 1983 for what the district court observed was a "strong merits case."

The full Court should grant rehearing to reaffirm that a private right of action exists to enforce Section 2 of the VRA. 52 U.S.C. § 10301. For almost 60 years—across hundreds of federal cases, including in the Supreme Court and this Court—the uniform answer has been "yes." By a 2-1 vote, the divided panel abruptly fractured this line of unbroken precedent. *See Allen v. Milligan*, 599 U.S. 1 (2023); *Allen v. State Bd. of Elections*, 393 U.S. 544 (1969). Its unprecedented decision gravely undermines "'the most successful civil rights statute in the history of the Nation.'" *Milligan*, 599 U.S. at 10 (quoting S. Rep. No. 97-417, at 111 (1982)).

The panel majority departed from controlling Supreme Court precedent, *see Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996), and Eighth Circuit

1

precedent, *Roberts v. Wamser*, 883 F.2d 617 (8th Cir. 1989), holding that private plaintiffs may bring suit under Section 2. The majority disregarded these cases, reasoning that *Morse*'s statements about Section 2 "are inconsistent with how we are supposed to approach implied-cause-of-action questions today." *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment ("Ark. NAACP II")*, No. 22-1395, 2023 WL 8011300, at *10 (8th Cir. Nov. 20, 2023).

But this Court's role is not to "predict the Supreme Court's future decisions." *Id.* at *16 (Smith, C.J., dissenting) (citation omitted). "[I]f [Supreme Court] precedent . . . has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to th[e] [Supreme] Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (citation omitted). A panel of this Court cannot overrule Supreme Court precedent because it believes it might decide a case differently today. Yet that is effectively what the majority did.

The panel's decision has created a circuit split on a vitally important issue regarding VRA enforcement. In doing so, it contravenes the hundreds of Section 2 cases brought by private plaintiffs that federal appeals courts have decided for almost six decades—including at least 12 at the Supreme Court and at least 18 in

Appellate Case: 22-1395     Page: 8     Date Filed: 12/11/2023 Entry ID: 5343463

this Court since 1982. *See Ark. NAACP II*, at \*12-13 & n.8 (Smith, C.J., dissenting) (citing cases). Rehearing is warranted.

Alternatively, the panel's decision to dismiss with prejudice, foreclosing Plaintiffs with strong voting rights claims from seeking to proceed under 42 U.S.C. § 1983, should be reheard. Pleading § 1983 is a mere formality and substantial evidentiary proceedings have already been undertaken.

## STATEMENT OF THE CASE

### I.    Statutory Background

Congress enacted the VRA to "forever 'banish the blight of racial discrimination in voting.'" *Milligan*, 599 U.S. at 10 (quoting *South Carolina v. Katzenbach*, 383 U.S. 301, 308 (1966)). The VRA's "broad remedial purpose" is accordingly expansive. *Chisom v. Roemer*, 501 U.S. 380, 403 (1991). Section 2 protects the "*right of any citizen* . . . to vote" free from racial discrimination. 52 U.S.C. § 10301(a) (emphasis added). Accordingly, "[b]oth the Federal Government and individuals have sued to enforce § 2." *Shelby Cnty. v. Holder*, 570 U.S. 529, 537 (2013).

In 1982, after many private plaintiffs had already sued to enforce Section 2, Congress amended Section 2 to establish a discriminatory "results" standard for liability, and expressly "reiterat[ed] the existence of the private right of action under Section 2," as "clearly intended . . . since 1965." S. Rep. No. 97-417, at 30

3

(1982).  Since then, more than 400 Section 2 cases have been litigated, the vast majority brought by private "aggrieved persons."  *Ark. NAACP II*, at *10, *13 n.8 (Smith, C.J., dissenting).  Of the 182 successful Section 2 cases in that time, only 15 were brought by the Attorney General alone.  *Id.*  And since 1982, the Supreme Court has adjudicated on the merits at least 12 cases brought by private plaintiffs. This Court has itself adjudicated at least 18 such cases.

Since 1965, Congress has made clear that private actors can enforce the VRA generally, and Section 2 in particular.  Moreover, Congress has repeatedly reauthorized the VRA without ever questioning the long line of private-enforcement cases.  When Congress amended the VRA in 1982 and 2006, it knew that federal courts had long interpreted the statute to provide a private right of action.  *See* S. Rep. No. 97-417, at 30 (1982) ("[T]he existence of the private right of action under Section 2 . . . has been clearly intended by Congress since 1965."); H.R. Rep. No. 97-227, at 32 (1981) (similar).  It made no effort to change or question that framework.

## II.    Procedural Background

The post-2020 Census Arkansas State House of Representatives redistricting plan went into effect on December 29, 2021.  *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment (*"*Ark. NAACP I*"*)*, 586 F.Supp.3d 893, 897 (E.D. Ark. 2022). On the same day, Plaintiffs challenged it under Section 2 on grounds that it dilutes

4

Black voting strength and moved for a preliminary injunction. In opposition, Defendants did *not* argue that Section 2 lacks a private right of action; the district court nonetheless ordered the parties to brief the question *sua sponte*. The district court then held a five-day preliminary injunction hearing that focused almost exclusively on the alleged Section 2 violation's merits.

The district court found that plaintiffs had a "strong merits case," *id.*, but dismissed without prejudice for lack of a private right of action, recognizing that it was "the first federal court in the nation" to do so, *id.* at 906 n.73. It gave the Department of Justice just "five calendar days from the date of [its] Order to join the case as a plaintiff." *Id.* at 897.

A divided panel affirmed. The majority rejected arguments that *Morse* and *Roberts* are controlling, and instead applied the two-part framework in *Alexander v. Sandoval*, 532 U.S. 275 (2001). It determined that under the Supreme Court's contemporary approach to private rights of action, "there is no 'private remedy' to enforce § 2, even assuming the existence of a 'private right.'" *Ark. NAACP II*, at *10 (citation omitted). The majority acknowledged the many Section 2 cases brought by plaintiffs "for much of the last half-century," but concluded that all those courts erroneously "assumed that § 2 is privately enforceable." *Id.* at *11. While the district court dismissed the case without prejudice, the majority dismissed with prejudice. *Id.*

5

Chief Judge Smith dissented, reasoning that the role of the court of appeals is to follow Supreme Court precedent, not predict a change. He reasoned that any "debate" about whether the five Justices' discussion of the private right in *Morse* "is dicta or actually part of the holding . . . is largely irrelevant," because *Morse*'s statements on Section 2 were "well thought out, thoroughly reasoned, and carefully articulated." *Ark. NAACP II*, at *15 (citation omitted) (Smith, C.J., dissenting). Chief Judge Smith catalogued hundreds of Section 2 cases decided on the merits, and noted that the majority's decision could "severely hamper" the VRA's "laudable goal" of ensuring the Fifteenth Amendment's enforcement. *Id.* at *14 (Smith, C.J., dissenting).

## **ARGUMENT**

### I.    **Rehearing should be granted on the private-right-of-action question.**

#### A.    **The panel decision conflicts with decisions of the Supreme Court and this Court.**

The split-panel decision conflicts with binding Supreme Court and Eighth Circuit precedent and contravenes nearly 60 years of litigation. Its holding that Section 2 lacks a private right of action is not predicated on VRA precedent but on two judges' prediction about how the Supreme Court might change decades of settled law. That is not the appropriate role of an appeals court. The Court must follow Supreme Court precedent, not speculate that it might change. *Agostini*, 521

6

U.S. at 237; *see also Bakewell v. United States*, 110 F.2d 564, 564 (8th Cir. 1940) (per curiam) ("If [Supreme Court precedent] is to be modified, overruled, or disregarded, that will have to be done by the Supreme Court of the United States.").

In *Morse*, five Justices agreed there is a private right of action under Section 2. 517 U.S. at 232 ("[T]he existence of the private right of action under Section 2 . . . has been clearly intended by Congress since 1965.") (plurality opinion by Stevens, J., for two Justices) (citation omitted); *id*. at 240 (agreeing that "the [private right of action] rationale of *Allen v. State Bd. of Elections* . . . applies with similar force not only to § 2 but also to § 10") (Breyer, J., concurring, for three Justices).

This Court long agreed—until the panel's decision. In *Roberts*, this Court held that "standing to sue under [Section 2] is limited to the Attorney General *and* to '*aggrieved persons*,' a category that *we hold* to be limited to persons whose voting rights have been denied or impaired." 883 F.2d at 624 (emphasis added). The panel's departure based on its prediction of how the Supreme Court might decide the question today transgresses this Court's proper role and warrants rehearing or rehearing en banc.

7

### 1. *The panel departed from the Supreme Court's holding in* **Morse***.*

In *Morse*, the Supreme Court held that Section 10 of the VRA is privately enforceable. As the panel acknowledged, *Ark. NAACP II*, at *9, the Court's "understanding that Section Two provides a private right of action was [the] necessary [predicate] to reach the judgment that Section Ten provides a private right of action," *Singleton v. Merrill*, 582 F.Supp.3d 924, 1031 (N.D. Ala. 2022), *aff'd sub nom. Allen v. Milligan*, 599 U.S. 1. "Five Justices concurred in that reasoning and judgment." *Id.* The decision thus avoided an "anomalous" situation in which Section 2 (and Section 5) are "enforceable by private action but § 10 is not, when all lack the same express authorizing language." *Morse*, 517 U.S. at 232.

Rejecting that conclusion, the panel majority created the precise "anomal[y]" that the *Morse* majority sought to avoid: under its decision, Section 10 has a private right of action while Section 2 does not. Yet it pointed to no difference in the language of the two VRA provisions that support that result.

The panel also dismissed *Morse*'s Section 2 statements as "*just* background assumptions—mere dicta at most." *Ark. NAACP II*, at *9. That misreads *Morse*. Section 2's private right of action was *necessary* to both Justice Stevens' opinion and Justice Breyer's concurrence. Both relied on the conclusion that Section 2 is

8

privately enforceable as a necessary element of finding Section 10 enforceable. *See Morse*, 517 U.S. at 240 (Breyer, J., concurring) ("agree[ing] with Justice Stevens," on the point that "the [private right of action] rationale of *Allen . . . applies* with similar force not only to § 2 but also to § 10"). The panel's decision is irreconcilable with *Morse*'s rationale. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 66-67 (1996) ("When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound.").

Even if *Morse*'s Section 2 discussion were incorrectly treated as dicta, "[a]ppellate courts should afford deference and respect to Supreme Court dicta, particularly where, as here, it is consistent with longstanding Supreme Court precedent." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1064 (8th Cir. 2017) (en banc). And *Morse* would present particularly persuasive dicta because its Section 2 discussion accords with decades of unbroken practice and hundreds of Section 2 cases brought by private plaintiffs. *See Ark. NAACP II*, at *13 n.8 (Smith, C.J., dissenting) (citing cases).

The majority dismissed *Morse*'s reliance on Section 2 as "the least valuable kind" of dicta. *Id.* at *10. It offered only two reasons to set *Morse* aside, neither of which is convincing. First, it contended that statements in *Morse* represent "hardly any analysis of *why* § 2 is privately enforceable." *Id.* But Supreme Court

9

"precedent . . . must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

Regardless, the principal opinion and concurrence in *Morse* explained why such a private right of action exists. *See Morse*, 517 U.S. at 232 (concluding Congress "ratified" Court's discussion in *Allen* and "existence of the private right of action under Section 2 . . . has been clearly intended by Congress since 1965"); *id.* (explaining that the Court "has entertained cases brought by private litigants to enforce § 2," citing cases; noting importance of interpreting Sections 2, 5, and 10 consistently). This is not "cursory dicta."

Second, the panel majority declared that the Justices' approach to Section 2 in *Morse* "[is] inconsistent with how we are supposed to approach implied-cause-of-action questions today." *Ark. NAACP II*, at *10. But again, that is not this Court's role. It may not disregard Supreme Court decisions because it thinks the Court might decide the question differently today. "Only the Supreme Court may overrule one of its precedents." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (cleaned up).[1]

---

[1] *See also United States v. Pate*, 754 F.3d 550, 554 (8th Cir. 2014) (court "cannot for even a moment entertain [the] theory that the Supreme Court 'wrongfully decided' [one of its decisions]"); Garner, et al., THE LAW OF JUDICIAL

10

No Supreme Court case, including *Sandoval*, has repudiated *Morse* or held that Section 2 does not confer a private right of action. Indeed, the Court upheld a Section 2 violation brought solely by private plaintiffs just last term. *Milligan*, 599 U.S. 1. "The simple fact is that the Supreme Court explicitly recognized a private right of action under Section 2 in *Morse*," and "the Supreme Court has yet to overrule itself on that precise issue." *Coca v. City of Dodge City*, No. 22-1274, 2023 WL 2987708, at *5 (D. Kan. Apr. 18, 2023). The panel erred in second-guessing the Supreme Court's dictates.

### 2. *The panel departed from this Court's holding in* **Roberts***.*

The majority's decision also conflicts with *Roberts*, in which this Court held that candidates may not sue under Section 2. *Roberts* explained that standing under the provision "is limited to the Attorney General and to 'aggrieved persons,' a category" the Court held in no unclear terms (*i.e.*, "*we hold*") is "limited to persons whose voting rights have been denied or impaired." 883 F.2d at 624 (emphasis added). This Court has followed *Roberts* on Section 2's private right of action for decades, adjudicating on the merits 16 Section 2 cases brought by

---

PRECEDENT 33 (2016) ("[F]ederal courts owe unflinching fealty to Supreme Court precedents. . . . [e]ven if [they] believe[] that the precedent was wrongly decided or is likely to be soon overturned by the Supreme Court itself.").

11

private plaintiffs since *Roberts*. *See Ark. NAACP II*, at *13 n.8 (Smith, C.J., dissenting) (citing cases).

The majority dismissed as dicta *Roberts*' clear statement that it "hold[s]" that aggrieved private plaintiffs may sue under Section 2. 883 F.2d at 624. In the panel's view, *Roberts* only "*assumed* that someone other than the Attorney General could sue under § 2." *Ark. NAACP II*, at *11. But *Roberts* didn't assume. It *decided* that only the Attorney General *and* "aggrieved persons" can sue under Section 2. It ruled that private individuals whose voting rights had been discriminatorily denied *are* "aggrieved persons," but unsuccessful political candidates *are not*. That was the linchpin of the Court's reasoning. *See Roberts*, 883 F.2d at 622 ("The possible divergence of interests between a candidate seeking office and a citizen attempting to protect his right to vote underscores the dubious nature of Roberts's claim to standing under the [VRA] ….").

The majority also suggested that *Roberts* addressed who had standing to sue but did not address the existence of a private right of action. *Roberts* does use the word "standing," but the issue the Court decided was whether certain classes of private entities had a right to sue to enforce the VRA—the precise question posed here. *See id.* at 621 (considering who is "a proper party to bring a Voting Rights

12

Act action").  The majority's holding that private plaintiffs are not proper parties directly contravenes *Roberts*.

### B.  The panel decision conflicts with every other federal court decision on the issue.

The panel decision also conflicts with the holdings of all three other federal courts of appeals that have expressly decided the issue.  *See Robinson v. Ardoin*, 86 F.4th 574, 587-91 (5th Cir. 2023) ("Section 2 provides for a private right of action."); *Ala. State Conf. of NAACP v. Alabama*, 949 F.3d 647, 651-54 (11th Cir. 2020) (holding VRA's text "unmistakably" makes clear Section 2 provides for a private right of action), *rev'd and vacated as moot by* 141 S.Ct. 2618 (2021); *Mixon v. Ohio*, 193 F.3d 389, 406 (6th Cir. 1999) ("An individual may bring a private cause of action under Section 2[.]"); *see also Singleton*, 582 F.Supp.3d at 1031-32 (three-judge panel unanimously finding Section 2 contains a private right of action).  If the panel decision is left undisturbed, this vitally important statute will mean different things in different parts of the country.

According to the majority, every other court to address the issue got it wrong, and *hundreds more courts* wrongly decided Section 2 cases brought by private plaintiffs.  *See Ark. NAACP II*, at *12-13 & n.8 (Smith, C.J., dissenting) (noting more than 400 Section 2 cases have been litigated since 1982; private plaintiffs have brought at least 167 successful suits in that time; listing many of 30

13

cases brought by private plaintiffs and decided on the merits by the Eighth Circuit or Supreme Court). The panel also disregarded that Congress has never questioned this unbroken line of precedents, even as it reauthorized the VRA and amended Section 2. *See Ark. NAACP II*, at \*16 ("Congress has consistently reenacted the VRA without making substantive changes, impliedly affirming the previously unanimous interpretation of Section 2 as creating a private right of action.") (Smith, C.J., dissenting) (citation omitted); *see generally Liu v. SEC*, 140 S.Ct. 1936, 1947 (2020) ("Congress should be presumed to have been aware of the scope of [statutes] as interpreted by lower courts."). Thus, the majority's decision splits from all other federal courts that have considered this issue.

## C. The issue presented is of exceptional importance.

The question presented could not be more important. The VRA was passed "to achieve at long last what the Fifteenth Amendment had sought to bring about 95 years earlier: an end to the denial of the right to vote based on race." *Brnovich v. Democratic Nat'l Comm.*, 141 S.Ct. 2321, 2330 (2021). When invalidating the VRA's coverage formula to enforce Section 5, Chief Justice Roberts noted that Section 2 was "permanent" and still "available . . . to block voting laws from going into effect." *Shelby Cnty.*, 570 U.S. at 537. Yet the panel decision threatens to make that promise hollow because Section 2's enforcement over more than half a century has largely depended on private plaintiffs. The United States confirmed in

14

a Statement of Interest that it cannot fully enforce Section 2 on its own, and that "limited federal resources available for [VRA] enforcement reinforce the need for a private cause of action."  U.S. Statement of Int. 8, *Ark. NAACP I*, No. 21-CV-01239, ECF No. 71; *see also id.* (noting "'[t]he Attorney General has a limited staff' who may not always be able 'to uncover quickly new regulations and enactments passed at the varying levels of state government'") (quoting *Allen*, 393 U.S. at 556).

The majority has abruptly created a circuit split as to a fundamental question about "the most successful civil rights statute in the history of the Nation." *Milligan*, 599 U.S. at 10 (citation omitted).  Such a momentous decision warrants the full Court's consideration.

## II. The panel improperly dismissed this case with prejudice.

Alternatively, this Court should grant rehearing or rehearing en banc to redress the majority's decision to override the district court and order dismissal *with prejudice*.  "Dismissals with prejudice are drastic and extremely harsh sanction[s]." *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014) (citation omitted).  Appellate courts have broad discretion to remand without prejudice where, as here, the dismissal was because the complaint purportedly failed to "state[] a cause of action" and an alternative cause of action "may be justiciable." *Wood v. United States*, 968 F.2d 738, 740 (8th Cir. 1992).  Here, 42 U.S.C. § 1983

15

provides an alternative route for private enforcement.  *See Coca*, 2023 WL 2987708, at *5-6; *Turtle Mountain Band of Chippewa Indians v. Jaeger*, No. 3:22-CV-22, 2022 WL 2528256, at *4-5 (D.N.D July 7, 2022); *see also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 171-72, 175-87 (2023).  Yet, without any finding that the district court abused its discretion in dismissing *without* prejudice, the panel ordered dismissal *with* prejudice.

The district court's dismissal without prejudice would have given Plaintiffs an opportunity to seek to amend their complaint by adding a claim under Section 1983, which also affords a private right of action to enforce federal rights.  Neither the district court nor the panel decided whether Plaintiffs could bring suit under § 1983's cause of action.  *See Ark. NAACP II*, at *12; *Ark. NAACP I*, at 906 n.76. Yet notwithstanding that this formality could let the case proceed, the majority ordered dismissal with prejudice, foreclosing that opportunity.

If dismissal is called for at all, it should be without prejudice.  Plaintiffs pleaded a private right of action under Section 2 in reasonable reliance on nearly 60 years of precedent.  Indeed, Defendants did not even question Plaintiffs' right to sue "until prompted by the district court."  *Ark. NAACP II*, at *13 (Smith, C.J., dissenting).  The district court excused Defendants' waiver by reasoning—incorrectly—that the private right of action question went to subject matter jurisdiction.  *Ark. NAACP I*, at 921.  The majority concluded that the district court

16

*erred* in excusing Defendants' waiver. *Ark. NAACP II*, at *11-12. But instead of concluding that the issue was waived, it imposed a *more* punitive dismissal with prejudice, preventing Plaintiffs from asserting a cause of action that they had no reason to assert earlier.

Appellants should be permitted to seek leave to amend to add a claim under § 1983. That formality would then permit the district court to rule based on the extensive record already made, which the district court characterized as establishing a "strong merits case," *Ark. NAACP I*, at 897—thereby serving both judicial efficiency and fairness. Accordingly, if the Court does not rehear the Section 2 issue, it should, at minimum, order dismissal without prejudice to allow plaintiffs to proceed under § 1983.

## **CONCLUSION**

For the foregoing reasons, the panel should rehear this case or the Court should rehear it en banc.

17

Respectfully submitted,

*/s/ Sophia Lin Lakin*
Sophia Lin Lakin
Jonathan Topaz
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
jtopaz@aclu.org
acepedaderieux@aclu.org

John C. Williams
ARKANSAS CIVIL LIBERTIES
UNION FOUNDATION, INC.
904 West 2nd Street
Little Rock, AR 72201
(501) 374-2842
john@acluarkansas.org

Bryan L. Sells
THE LAW OFFICE OF
BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212
bryan@bryansellslaw.com

Neil Steiner
Biaunca S. Morris
DECHERT LLP
Three Bryant Park
1095 Avenue of The Americas
New York, NY 10036-6797
(212) 698-3500
neil.steiner@dechert.com
biaunca.morris@dechert.com

Luke M. Reilly
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2000
luke.reilly@dechert.com

Angela Liu
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
(312) 646-5800
angela.liu@dechert.com

Victoria Borges King
DECHERT LLP
1900 K St NW
Washington, DC 20006
(202) 261-3300
victoria.king@dechert.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel for Plaintiffs-Appellants hereby certify that this brief complies with the requirements of Fed R. App. P. 32(a)(5) and (6) because it has been prepared in Microsoft Office Word 2019 in 14-point Times New Roman, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(ii)(A) because it contains 3,886 words, excluding the parts of the brief exempted under Rule 32(f), according to Microsoft Word.

Finally, I certify that this document was scanned for viruses with Microsoft Windows Defender, which is continually updated.

According to the virus scan, these files are free of viruses.

*/s/ Sophia Lin Lakin*
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org

19

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Sophia Lin Lakin*

Appellate Case: 22-1395    Page: 26    Date Filed: 12/11/2023 Entry ID: 5343463